PER CURIAM.
On June 29, 1951, we rendered an opinion and decree in the above matter and the defendants, Aldon, Crain and Metropolitan Casualty Insurance Company, defendants and appellants, have filed an Application for a Rehearing in this case.
We have thoroughly reviewed this record and can not find any manifest error made by the lower court. It is true that the testimony submitted by the plaintiff and defendant are in conflict, but we are greatly impressed with the physical facts as found in the record. The physical facts strongly contradict the testimony of the defendant Crain and it is the opinion of this court that he applied his brakes while still in the south lane of travel as shown by the skid marks of his left wheel, which skid marks showed a distance of 57 feet to the point of impact and also showed that it was only the left side of the brakes which held, causing him to go to the left rather than the right side as testified by the defendant Crain. Furthermore, the physical facts bear out the testimony of the plaintiff to the effect that she had completed the intersectional paved portion of North Boulevard when she began her left turn. The front of her car was on the gravel portion, out of the intersection at the time of the collision, and the impact occurred six feet north of the north edge of the concrete portion of North Boulevard and three feet west of the west parallel of Edison Street in front of the residence designated as 4109 North Boulevard. Disregarding the testimony of the two drivers, *808 the physical facts in our opinion clearly show that the accident was caused by the negligence of the defendant Crain. The above facts and circumstances convince us that the plaintiff had preempted the intersection and had completed same when the collision occurred.
The physical facts do not corroborate the testimony of the defendant Crain as to his speed, the condition of his brakes, and the excuse he gives for the collision, but does corroborate the plaintiff’s position.
The defendant claims that we erred in failing to hold that the plaintiff was bound by the testimony of defendant Crain, she having offered Crain as her witness. Admitting for the mere sake of argument that she was bound by such testimony, it would only have the effect of showing the conflict between the drivers of the two vehicles as to how the accident occurred. Lacking physical facts and other testimony, then we would have to conclude that plaintiff had failed to bear the burden of proof. Defendants rely on the case of Dunckel-man v. Shockley, La.App., 183 So. 52, for their position in this case. A reading of that case clearly shows that it is not applicable to the case at bar, because in that case the only testimony offered was that of defendant, the physical facts did not reveal how the accident occurred, whereas, in the case at bar, we contend that the physical facts reveal as to how the accident happened.
From this reord, we are convinced that the plaintiff had preempted this intersection well ahead of defendant Crain, in fact Crain necessarily must have been over a hundred feet from the intersection in order for him to apply his-brakes and make skid marks of 57 feet. The fact that the plaintiff completed the intersection before the collision clearly demonstrates this fact. Crain was approaching the plaintiff from his right or plaintiff’s left. Having preempted the intersection, plaintiff was entitled to continue.
Defendants contend that we failed to follow the rule of law requiring drivers to exercise a higher degree of caution before making a left turn. We do not feel that this rule is applicable to the facts of this case. This case is not one of the usual left turn accidents. Defendants lose sight of the fact that the collision took place on the north shoulder of the road, after plaintiff had completed the intersection and was then making a left turn you might say, on the shoulder. Plaintiff’s car was struck by the defendant’s vehicle, coming from the west, which such vehicle left its right lane of travel, crossed the left lane and then struck plaintiff’s car on the north shoulder. Granting for the mere sake of argument that plaintiff was guilty of negligence, we still think that such negligence had become passive when she completed the intersection and that such negligence, if any, was not a contributing or proximate cause of the accident. We are of the opinion that the sole and only proximate cause of this accident was the negligence of defendant Crain, in not keeping a proper look out, in not having his truck under proper control and in driving with faulty brakes.
For the above and foregoing reasons, the Application for a Rehearing is denied.
ELLIS, J., dissents.