ELLIS, Judge.
This is a suit for damages filed by Mrs. Emma Seamons and Chauncey R. Seamons, her husband, arising out of an automobile accident which occurred at the intersection of Oakdale and S. Hodges Streets in Lake Charles.
The truck in which Mrs. Seamons was a passenger was owned by her husband, who was not present, and was being driven by Cassius Seamons, brother of Chauncey R. Seamons.
The other vehicle involved was a truck owned by Henry A. Reid, Jr., being driven by his agent. Reid’s insurer was Aetna Casualty & Surety Company, which was made the sole defendant.
Plaintiffs allege that the defendant was negligent in failing “to properly approach and enter the said intersection, and heed the presence of your petitioner’s vehicle which had already preempted the intersection.”
The defendants denied any negligence and alleged that its truck had the right of way as it was approaching from the right-hand side of the plaintiff’s truck, and further that the plaintiff’s truck was driven into the intersection in negligent disregard of defendant’s truck which was approaching from the north, and in the alternative plead contributory negligence. Defendants further contend that as Mrs. Seamons had the right to control the operation of the Seamons vehicle that the negligence of the driver would be imputed to her and her recovery barred.
The insurer of the Reid vehicle filed an intervention based upon a subrogation arising out of a collision insurance policy. This claim was disallowed by the trial court and no appeal has been taken.
The District Court found the proximate cause of the‘accident to have been the negligence of the driver of the Reid Vehicle, and rendered judgment in favor of Mrs. Seamons for pain, suffering and mental anguish in the sum of $1,000, and for temporary disability the sum of $500, and there was further judgment in favor of Chauncey R. Seamons in the amount of $275 for the loss of his truck, $250 hospital bills, $200 doctor bills, and $200 'for the loss of his wife’s services.
From this judgment the defendant has appealed and the plaintiffs have answered praying that the judgment be increased as prayed for originally.
This accident occurred at a point where both the streets forming the intersection aré graveled. Neither is a right-of-way street, and there were no stop signs on either. The Seamons truck approached the intersection travelling west. The Reid truck was travelling south. The collision occurred in the northwest corner of the intersection just west of the center line of Hodges Street arid north of the center line of Oakdale Street, the Reid truck striking the right door of the Seamons truck, knocking the truck across the road and into the ditch.
The Seamons truck was traveling approximately 12 to 15 miles per hour as it neared the intersection and both the driver and Mrs. Seamons looked to their right and saw the defendant’s truck approaching on South Hodges approximately one-half block away. The driver of the Seamons truck thought he had ample time to cross the intersection and did travel approximately 20 feet to the intersection, then across and into the- northwest quarter thereof before being struck. After it was struck it travelled approximately 43 feet, stopping in a ditch on Oakdale Street, still facing west, while the Reid truck crossed the intersection, turned completely around and stopped, headed north on the opposite side of the street from which it had been travel-'ling.
The facts of this case are not seriously disputed. The first question to be determined is whether the proximate cause of the accident was the sole negligence of either of the drivers of the respective trucks. The trial Court found from the physical facts and the evidence that the driver of the Reid truck was guilty of *858 negligence on at least two separate counts. First, he was operating his truck at an excessive rate of speed. Secondly, he evidently entered the intersection without looking to see whether another car was in or approaching it. He based this conclusion upon the fact that the Seamons truck had traveled over one-half of the distance across the intersection at a moderate rate of speed while the said Reid truck had barely entered the intersection travelling at a high rate of speed when the collision occurred. The Trial Court did mention that while under ordinary circumstances the driver of the Reid truck approaching from the right-hand side would have had the right of way, this right was not sufficient to permit him to disregard the rights of others and make no attempt to avoid the accident.
The trial judge stated: “Cassius Sea-mons approached the intersection at a moderate and reasonable rate of speed. He started across the intersection and had gotten more than half way across when the automobile which he saw approximately one-half block from the intersection, evidently without reducing speed, and evidently without making any attempt to avoid the accident, ran directly into the side of his truck. In our opinion, Cassius Seamons was not in anywise guilty of negligence, nor was Mrs. Seamons guilty of negligence. They had a right to expect that when they were proceeding on the highway in a reasonable, prudent and legal manner that other persons using the highway would respect their rights and avoid deliberately injuring them.”
We agree with the statement of the Trial Judge, supra, as the evidence clearly shows that the Seamons vehicle did enter the intersection substantially in advance of the defendant’s vehicle and is governed by the rule in Gauthier v. Fogleman, La.App., 50 So.2d 321, 323, to the effect that:
“It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles, and that the driver who does not respect the legal right of the automobile which first entered the intersection, to ' proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street.”
s Also see Hutto v. Arbour, La.App., 4 So.2d 84; Gardiner v. Travelers Indemnity Co., La.App., 11 So.2d 61; Phares v. Courtney, La.App., 27 So.2d 925; and Spencer v. Crain, La.App., 53 So.2d 807.
The defendant relies greatly upon the case of Vidrine v. Fontenot, La.App., 49 So.2d 428, decided by this court, however, considering the facts in that case and the case at bar we do not consider it apposite. It is clearly shown in the Vidrine case that the view was obstructed but that plaintiff saw the ' defendant approaching the intersecting street but merely because she was entitled to the right of way by law she blindly proceeded.
As to the quantum of damages, the trial judge awarded Chauncey Seamons $275 for the loss of his truck which we think is correct, and further allowed $250 for hospital bills which we believe should be reduced to $242.30, and further allowed $200 doctor bills which we find should be reduced to $177, and also $200 for the loss of his wife’s services which we do not believe is justified by the evidence and should be disallowed.
He further awarded the sum of $1,000 for pain, suffering and mental anguish to Mrs. Seamons, and for her temporary disability the further sum of $500. In view of the fact that the evidence reveals that she was confined to the hospital for 21 days and for the first two weeks could retain nothing and was continually vomiting and suffered extreme pain, and that she actually suffered several internal bruises and shock and was under the doctor’s treatment for approximately five months, and Dr. Farmer testified that he examined her last on March 28, 1951 and stated that it had been three and one-half months since he had seen her and that she *859 had improved but “at that time she was still suffering from soreness along the attachment of the first four ribs to the back bone and lower three ribs on the outer ■side,” we believe that she should be awarded the sum of $2,000 for pain, suffering, mental anguish and disability.
It is therefore ordered that there be judgment in favor of 'Chauncey R. Seaimons in the full sum of $694.30, and further judgment in favor of Mrs. Chauncey R. Seamons in the full sum of $2,000 and as thus amended the judgment of the District Court is hereby affirmed.