71 So.2d 417 (1954)
VERNACI
v.
COLUMBIA CAS. CO.
No. 20282.
Court of Appeal of Louisiana, Orleans.
April 12, 1954.
Normann & Normann, New Orleans, for plaintiff and appellee.
Jones, Walker & Waechter and Benjamin R. Slater, Jr., New Orleans, for defendant and appellant.
McBRIDE, Judge.
This case involves an automobile accident which occurred at the intersection of Magazine and Lafayette Streets, on February 15, 1952, at about 8:30 p.m. The plaintiff's automobile, driven by his nineteen-year-old son, was proceeding on Magazine *418 Street in an uptown direction when it collided with a garbage truck of the City of New Orleans, which had been traveling on Lafayette Street and had turned left to go uptown on Magazine Street. Plaintiff's car was damaged to the extent of $318.75, for which he sued the liability insurer of the City of New Orleans, and recovered judgment therefor, from which judgment the defendant has taken this appeal.
The eight charges of negligence leveled against the employee of the City of New Orleans operating the garbage truck need not be enumerated here. After a reading of the testimony, we cannot leave the record without the conclusion that the truck driver was grossly negligent. A stop sign confronted the truck when it reached the intersection, and although the driver says he stopped before turning left into Magazine Street, he did not look for approaching vehicles on that street. He admitted that even had he looked he could not have seen the conditions there because his two helpers were riding on the running boards alongside his cab, one on each side, and this obliterated his view. He relied solely on signals from his helpers to direct the movement of the truck. The first knowledge any of the three had of the presence of plaintiff's automobile was when the truck had made about a three-quarters turn into Magazine Street, when one of the helpers yelled, "`Whoa, whoa, whoa,' but it was too late then." The automobile hit the truck and the left side of the automobile was damaged. The damage to the truck was along its right side. Young Vernaci and his passenger testified that the large garbage truck dashed out of Lafayette Street at a fast rate of speed and made a wide sweeping left turn when they were about a distance of a car-length from the intersection. Vernaci's appliance of the brakes was unavailing.
It occurs to us that the fact that the truck had only completed three-quarters of the turn when the impact occurred lends support to the statements of the plaintiff witnesses. Defendant's plea that the truck pre-empted the intersection has no merit, because pre-emption does not result from merely entering an intersection first. The motorist, before he can successfully rely on pre-emption, must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way without requiring an emergency stop by the other vehicle. The entry into the intersection just a fraction of a second ahead of the other vehicle does not create a pre-emption. Lafont v. Nola Cabs, Inc., La.App., 65 So.2d 918; Aucoin v. Houston Fire & Cas. Co., La.App., 44 So.2d 127; Butler v. O'Neal, La.App., 26 So.2d 753.
The only specification of contributory negligence (pleaded in the alternative) that need be the subject of any discussion concerns the speed of the Vernaci car. The junior Vernaci testified that he was driving at not more than 20 miles per hour, and in this he is fully corroborated by his passenger. However, Vernaci was confronted with a prior written statement he had made to the effect that his car was traveling at about 25 miles per hour. Assuming, without deciding, that Vernaci was driving at that rate and that such speed was slightly in excess of that permitted by local ordinance, we do not think that the speed of the car had causal connection with the occurrence. It is well settled that even when there is a technical violation of regulations governing the speed of vehicles, liability does not result unless it appears the violation was responsible to some extent for the accident. Kemp v. Donnes, La. App., 32 So.2d 383. The evidence is convincing that the truck suddenly emerged from Lafayette Street when plaintiff's car had just about arrived at the intersection, and an accident was inevitable even if the Vernaci car at the time had been operated at a much lesser rate of speed.
It is conceded that plaintiff's car was damaged to the extent claimed.
Therefore, the judgment appealed from will be affirmed.
Affirmed.