106 So.2d 22 (1958)
Marvin E. JOHNSON, Plaintiff-Appellee-Appellant,
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al., Defendants-Appellants-Appellees.
No. 4616.
Court of Appeal of Louisiana, First Circuit.
October 8, 1958.
*24 Weber & Weber, Baton Rouge, for plaintiff-appellant.
C. C. Bird, Jr., Breazeale, Sachse, Wilson & Hebert, Baton Rouge, for Southern Bell Tel. & Tel. Co.
Lehman K. Preis, Baton Rouge, for Ralph B. Sistrunk.
Taylor, Porter, Brooks, Fuller & Phillips, Robt. Vandaworker, Baton Rouge, for third-party defendants.
TATE, Judge.
This suit stems from an intersectional collision on the morning of August 27, 1955 between a truck owned by defendant Southern Bell Telephone & Telegraph Company ("Southern Bell") and a Plymouth car driven by codefendant Kinchen, as a result of which collision the Southern Bell truck struck plaintiff Johnson's parked car. The District Court absolved codefendant Kinchen of any blame for the accident and held that the sole proximate cause of the accident was the negligence of Southern Bell's employee (Sistrunk) who was driving the truck in the course of his duties. Accordingly, judgment was rendered casting Southern Bell and its driver for certain damages found to have been sustained by plaintiff, and plaintiff's claim against Kinchen and the latter's liability insurer was dismissed.
Plaintiff appeals, principally on the ground that the award of $913.05 was inadequate; and Southern Bell and its driver also appeal, urging: (a) that Kinchen was solely responsible for the accident, since Southern Bell's driver by a prior entry had pre-empted the intersection; and (b) alternatively, that Kinchen was at least jointly responsible with Southern Bell's driver, in having failed to observe the approach of the Southern Bell truck up to and into the intersection.[1] (All parties concede that plaintiff, struck after having stopped his car and while awaiting an opportunity *25 to enter the intersection, was not at all at fault.)
Without detailed discussion, we may simply state that the record fails to reflect error in the trial court's holding that the negligence of Sistrunk, the Southern Bell driver, was the sole proximate cause of the present accident. Conceding solely for the purpose of argument that the stop-sign on Sistrunk's street inhibiting his entry into the intersection had been knocked down so as not to be noticeable and that this circumstance prevented the application of a municipal ordinance granting a right of way to the other thoroughfare (upon which codefendant Kinchen was approaching), nevertheless Kinchen was approaching the intersection at a normal speed at approximately the same time as Sistrunk from the latter's right. Thus, even in the absence of other statutory right of way, Kinchen was entitled to the right of way under the provisions of the Baton Rouge City Code, Title 11, Chapter 1, Part IV, Section 28(A), which (similarly to LSA-R.S. 32:237, subd. A) provides:
"When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way, provided, however, the driver of any vehicle travelling at an unlawful reckless or dangerous rate of speed shall forfeit any right of way he might otherwise have hereunder."
See: Gautreaux v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 83 So.2d 667.
Both vehicles were approaching the intersection at approximately the same time at normal and approximately equal speeds (15-20 mph). We have repeatedly held that under these circumstances the driver with the superior right of way is entitled to proceed into the intersection and will be held free of negligence in an ensuing collision, since he is not called upon to anticipate that the other vehicle will fail to respect his own right of way, nor is he put on notice in the absence of the other vehicle's excessive speed or other circumstance reasonably perceived in time to avoid the accident that the other vehicle will enter the intersection in violation of the favored driver's right to enter same. Stevens v. Delanoix, La.App. 1 Cir., 96 So.2d 844; Guillory v. Frank, La.App. 1 Cir., 95 So.2d 197, certiorari denied, Commercial Credit Corp. v. Serpas, La.App. 1 Cir., 94 So.2d 83. This is especially true in the present case where (according to both drivers) Sistrunk had slowed his truck prior to an entrance into the intersection, which would to Kinchen be corroborative of an assumption that his own right of way would be respected by Sistrunk on the less favored street. Nix v. State Farm Mut. Ins. Co., La.App. 1 Cir., 94 So.2d 457.
Based upon the circumstance that the Southern Bell truck was struck after it had traversed over half the intersection by the other vehicle immediately after the latter's entry therein, Southern Bell argues that by this prior entry its own truck had pre-empted the intersection (or, at least, that the other vehicle was contributorily negligent in failing to observe and to respect this prior entry). "As it is sometimes stated, the driver with the subordinate right of way may nevertheless `pre-empt' an intersectionthat is, have the superior legal right to be in itby an entry therein *26 with the reasonable opportunity to clear same without obstructing the passage of traffic with a priority right of way approaching at reasonably to be anticipated speeds," Baranco v. Cotten, La.App. 1 Cir., 98 So.2d 260, 262.
But "the motorist, before he can successfully rely on pre-emption, must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way without requiring an emergency stop by the other vehicle," Vernaci v. Columbia Cas. Co., La.App.Orl., 71 So.2d 417, 418.
As the District Court stated, correctly distinguishing from the present situation cases relied upon by defendants-appellants such as Wilson v. Williams, La. App. 1 Cir., 82 So.2d 71, Seamons v. Aetna Cas. & Sur. Co., La.App. 1 Cir., 62 So.2d 856, and Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321: "In the cases where the right to proceed has been accorded to the person who enters the intersection first, examination of same reveal that the pre-emptor in such cases made entry into the intersection when, because of the distance from the intersection of the other vehicle, a reasonable and prudent driver would be justified in believing that the crossing could be safely executed." Here, of course, Southern Bell's driver would not be justified in so believing when the other vehicle with the superior right of way was itself on the verge of entering the intersection in question.
It should be noted that at a speed of 15-20 mph (i. e., 21.9 to 29.2 feet per second), the collision occurred a second or less after the Southern Bell truck had entered the intersection in violation of Kinchen's superior right to enter same. "The entry into the intersection just a fraction of a second ahead of the other vehicle does not create a pre-emption," Vernaci v. Columbia Cas. Co., La.App. Orl., 71 So.2d 417, 418.
A somewhat more serious question is presented by plaintiff's appeal that the sum of $200 allowed him for minor pain, suffering, and shock sustained when he was shaken up at the time of the accident (cf., August v. Delta Fire & Cas. Co., La.App. 1 Cir., 79 So.2d 114), is inadequate. (No party questions the award of $713.05 for special damages, mainly property damage to the plaintiff's car and for medical expenses.)
Plaintiff testified that while comparatively little pain was sustained initially when his left shoulder was struck in the accident, pain therein gradually grew worse, as a result of which about 5-6 weeks after the accident he reported to a Dr. Grimes and then a week later (after he had retained a lawyer) to an orthopedic specialist for medical examination. The latter as late as February 10, 1956 (5½ months after the accident) found there was some temporary residual muscular weakness resulting from the contusion which would justify plaintiff's complaints of pain upon extended use of the left arm and shoulder.
To the extent that the uncontradicted medical testimony corroborates plaintiff's complaints that there was residual weakness 5½ months after the accident causing some slight pain and inconvenience, we feel that the trial court in making its award incorrectly allowed recovery only for pain and shock at the time of the accident. We think the award of two hundred dollars for pain, suffering, and shock should be increased to six hundred fifty dollars, upon our finding that plaintiff's pain and inconvenience, although slight, persisted for approximately six months after the accident. Cf., Leger v. Southern Furniture Co., La.App. 1 Cir., 94 So.2d 529; Palmer v. Fidelity & Cas. Co., La. App. 1 Cir., 91 So.2d 77 (syllabus 3.)
But as to plaintiff's complaints of far more serious and permanent injuries (including for instance medically unexplainable weakness of the hand and alleged chest complaints caused by the alleged *27 aggravation of a very old compression fracture in his vertebrae which the medical witnesses felt should have if genuine manifested themselves sooner after the accident if related thereto), ultimately an assessment of plaintiff's suffering depends upon an evaluation of plaintiff's credibility as a witness. We are not disposed to hold that the trial court committed manifest error in disregarding plaintiff's testimony as to this continued pain and suffering and disability, which from the medical evidence (including that of the medical expert called to testify on behalf of plaintiff) appears to be at least exaggerated, and further considering such circumstances as plaintiff's failure to make any claim of personal injury resulting from the accident until after he had retained counsel, and the vagueness of what medical testimony was educed on his behalf. Fortunately, plaintiff lost no time from his employment as a result of the accident or of his alleged residual injuries.
For the above and foregoing reasons, the judgment below is amended to increase the award for personal injuries from $200 to $650, and as thus amended is affirmed in all other respects.
Amended and affirmed.
NOTES
[1] In this court, codefendants Kinchen and his liability insurer moved to dismiss and also answered the appeal of Southern Bell and its employee on the ground, principally, that the latter improperly made the former third-party defendants under LSA-R.S. 13:3381 et seq. It is urged that the statute in question is procedural in nature only, entitling a defendant to bring in as third-party defendant only parties who are warrantors or liable to the original defendant for all or part of the demand; that the substantive law of Louisiana is to the effect that one joint tortfeasor may not successfully demand contribution of another alleged joint tortfeasor unless both have been judicially declared to be co-tort-feasors and cast in solido in a suit brought against both of them by the injured person, Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450, see Quatray v. Wicker, 178 La. 289, 151 So. 208; that such, in fact, is the construction placed by the federal courts with relation to Louisiana law upon the federal procedural rule, Linkenhoger v. Owens, 5 Cir., 1950, 181 F.2d 97, upon which Act 433 of 1954 (incorporated as LSA-R.S. 13:3381 et seq.) authorizing third-party practice in Louisiana was based, cf., Automotive Finance Company v. Daigle, La.App. 1 Cir., 80 So.2d 579, with which construction our legislature is presumed to have been familiar in patterning Louisiana's third-party practice upon the Federal Rules of Civil Procedure. In view of the disposition we have reached upon the meritsthat Sistrunk's negligence was the sole proximate cause of the accident in question, this court does not reach the consideration of the said codefendants' motion to dismiss and answer to the appeal, which raised what was at the time argued a question of first impression for the appellate courts of Louisiana. (But see the subsequent and well-reasoned opinion of the Court of Appeal, Second Circuit, through Judge Ayres in Kahn v. Urania Lumber Co., 103 So.2d 476, deciding this question favorably to the contentions of the present third-party defendants thus advanced through their exception of no cause or right of action to the petition calling them as third-party defendants.)