AYRES, Judge.
This is an action in tort arising out of a motor vehicle collision of April 26, 1958, at the intersection of Seventeenth Street and Ashley Avenue in the City of Alexandria. Involved were a Chevrolet automobile owned and driven by plaintiff and a Buick automobile owned and driven by Alva Hays. Made defendants are Hays and his public liability insurer.
Traffic on Seventeenth Street has a superior right of way over traffic on Ashley Avenue, which is noted by the presence of stop signs appropriately posted on Ashley Avenue adjacent to the intersection. Plaintiff was' proceeding on Seventeenth Street in a northerly direction, defendant Hays westerly on Ashley Avenue.
Negligence charged to Hays consists of his failure to accord plaintiff’s vehicle its superior right of way, or to stop at the intersection before his entry therein, or to keep his automobile under control, or to maintain a proper lookout, and in driving at an excessive rate of speed. Similar acts of negligence, particularly that plaintiff failed to accord defendant Hays his right of way by virtue of his prior entry and preemption of the intersection were charged to plaintiff as constituting the sole and proximate cause of the accident or, in the alternative, a contributing cause thereof.
*857 Hays’ negligence by proceeding into the intersection without stopping, and without •seeing plaintiff’s car approaching on the right-of-way street, was found by the trial ■court to constitute the sole, proximate cause ■of the accident. Accordingly, plaintiff was ■awarded damages for personal injuries in the sum of $750, for destruction of his automobile $200, and, for hospital and medical ■expenses, $131.26.
From the judgment thus rendered and ■signed, plaintiff has appealed, contending that the award was inadequate and that the ■court further erred in rejecting his demands for loss of wages. The defendants, •answering the appeal, placed at issue their plea of contributory negligence and, in the alternative, denied that the award was inadequate and asserted, in said alternative, that the award was sufficient and should be approved. The issues for determination relate to the questions presented under defendants’ plea of contributory negligence ■and, finally, the sufficiency of the award of •damages.
The facts material to the issues presented for resolution may be briefly stated. Plaintiff testified that, as he approached the aforesaid intersection at a speed approximately 25 to 30 miles per hour, he saw, when a car length from the intersection, the automobile of the defendant, Hays, on Ashley Avenue, four or five car lengths distant from the intersection; that, after observing defendant’s vehicle, his attention was directed to children immediately beyond the intersection, but to his left, in Seventeenth Street. Some were riding bicycles in circles in the street, others were standing on the curb. While entering the intersection, plaintiff’s companion exclaimed a warning, whereupon plaintiff looked to his right and saw defendant’s vehicle only momentarily before it struck the right side of his car. Hays admitted that, as he approached the intersection, he did not stop, but claimed to have reduced his speed to approximately 10 miles per hour, and, after looking both ways and seeing no approaching traffic, he proceeded into the intersection whereupon, after reaching a point near the middle, the left side of his automobile was struck by the front of plaintiff’s car.
An irreconcilable conflict exists between plaintiff’s and defendant’s versions as to the occurrence of the accident, particularly as to which vehicle struck the other. Photographs introduced in evidence, however, disclosed that plaintiff’s car was struck on its right side and that it sustained no damage whatever to its front. The weight of the evidence, therefore, sustains plaintiff’s position in that his vehicle had reached a point slightly beyond the center of the intersection when it was struck by defendant’s automobile. Thus, the evidence establishes defendant’s negligence, as indeed defendants concede by their pleadings whereby, in answer to plaintiff’s appeal, the question of liability is restricted and limited to the question of plaintiff’s contributory negligence.
Defendants’ contention that plaintiff was guilty of contributory negligence, constituting a proximate cause of the accident, is predicated upon plaintiff’s admission that he was slightly exceeding the speed limit, as fixed by ordinance of the City of Alexandria at 25 miles per hour. By his own testimony and that of other witnesses, plaintiff’s speed was estimated between 25 and 30 miles per hour. The position taken by defendant is that, in any intersectional collision, excessive speed of one of the vehicles is always a proximate cause for the reason, it is claimed, had plaintiff been going at a lesser speed, defendant could have made it through the intersection and there would have been no accident. This reasoning is illogical and unsound for, by the same process, it may be concluded that, had plaintiff been proceeding at a much greater rate of speed, and his violation magnified, his negotiation of the intersection would have been completed before defendant’s arrival and there still would have been no accident. Therefore, it is obvious that plaintiff’s action in slightly exceeding the speed *858 limit was not a contributing factor to the occurrence of the accident.
If it could be said plaintiff’s speed constituted negligence, no liability resulted therefrom because it did not constitute a proximate cause of the accident. The proximate cause of the accident was defendant’s disregard of plaintiff’s superior right of way and his failure to stop before entering the intersection, or to make proper observation as to traffic having a superior right in or approaching the intersection. At the most, plaintiff’s action could only constitute a very remote cause. In this connection, we had occasion to say, in Cone v. Smith et al., La.App., 76 So.2d 46, 49:
“Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of the injury; that is to say — the injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. See: 60 C.J.S., Motor Vehicles, §§ 251, 252; Railway Express Agency v. Knebel, Tex.Civ.App., 226 S.W.2d 922; Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016; Knops v. Ordorica, Tex.Civ.App., 242 S.W.2d 454.
“That Smith drove at a great, excessive and reckless rate of speed, which speed was in excess of fifty-five miles per hour, contrary to law, is subject to the requirements of law above stated and the factor of speed in order to create liability must not only cause the injury but must be a proximate cause of the injury. It is admitted that Smith was traveling at a speed of from eighty-five to ninety miles per hour when he first observed the approaching Robinson vehicle. After weighing every implication of this fact we still must find that the conduct of Robinson was the sole cause of the collision and' the speed of the Smith vehicle was not a contributing factor.”
In a similar factual situation, it was held, in Briley v. Jones et al., La.App., 63 So.2d 176, that, where plaintiff’s automobile was. traveling north on a right-of-way street at 30 miles per hour, and was struck broadside at an intersection by defendant’s automobile which approached from the east,, neither the speed of plaintiff’s automobile nor his alleged failure to make proper observation constituted either a proximate or a contributing cause of the accident, even though the maximum speed limit was 25. miles per hour.
It is well settled that liability does not result from a mere technical violation of regulations governing the speed' of vehicles unless it appears the violation was responsible, to some extent, for the accident. Vernaci v. Columbia Cas. Co., La.App., 71 So.2d 417; Kemp v. Donnes et al., La.App., 32 So.2d 383. Moreover, a motorist on a right-of-way street, with knowledge of the location of stop signs along intersecting streets, has a right to assume that drivers approaching the intersection from such streets will observe the law and bring their vehicles to a complete stop before entering the intersections. This as-, sumption may be indulged in until the motorist sees, or should see, that the other motorist has not observed, or is not going to observe, the law. Henderson v. Central Mutual Insurance Company et al., 238 La. 250, 115 So.2d 339; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328; Koob v. Cooperative Cab Co. et al., 213 La. 903, 35 So.2d 849; Nix v. State Farm Mutual Insurance Co., La.App., 94 So.2d 457.
Defendant further contends that plaintiff was contributorily negligent in *859 not keeping and maintaining a constant lookout. The basis for this contention is that, after plaintiff observed defendant’s vehicle at some distance from the intersection, he diverted his attention to the children playing in the street immediately beyond the intersection. Plaintiff, as stated, had a right to assume, as no doubt he did, that defendant would observe the stop signs and stop before entering the intersection and allow him to pass in safety. Directing his attention to the children in and near the street was the action to be expected of an ordinary, reasonably prudent driver. Plaintiff was maintaining a general observation and proceeding at a reasonable rate of speed on a right-of-way street, with his car under such control as to meet and respond to any hazard which might be expected under normal conditions. This was all the law required of him. Youngblood v. Robison et al., 239 La. 338, 118 So.2d 431.
Lastly, for consideration is the question of the quantum of damages to which plaintiff is entitled. By the force of the impact, plaintiff was thrown forward, his head striking the windshield. After arrival of the police, plaintiff was carried by ambulance to the Veterans Hospital where he was admitted an hour or two following the accident. There he gave a history of being hurled forward with his chest striking the steering wheel and his head, the windshield. Plaintiff complained of a severe headache and dizziness. There was no loss of consciousness. From a laceration on his scalp, plaintiff was bleeding slightly. He complained of soreness in his right shoulder. While in the hospital, two days following his admission, slight bleeding from the scalp wound continued, as did plaintiff’s complaints as to headaches.
The record discloses plaintiff had experienced frequent episodes of dizziness prior to the accident. The prior hospital records establish he was first admitted because of nervousness and then, later, because of injuries to his shoulder by scalding with lye. Additionally, it was disclosed that plaintiff sustained a herniated interverte-bral disc in 1956 because of a fall.
The opinions of the medical experts were in conflict as to whether plaintiff suffered a cerebral concussion as a result of the accident. The trial court accepted the testimony of an attending physician at the Veterans Hospital, who examined plaintiff following his admission on the day of the accident, and held that plaintiff had suffered such a concussion. There is no firm basis upon which we could disagree.
Dr. F., C. Boykin, neurosurgeon of Shreveport, testified, after making an examination of plaintiff, he could find no organic or clinical evidence upon which plaintiff’s complaints of dizziness and headaches might be substantiated. Dr. Boykin was of the opinion that many of plaintiff’s complaints were either exaggerated or nonexistent.
While plaintiff probably suffered a mild cerebral concussion, the residual effects are minor, if any, and the award for plaintiff’s pain, suffering, and personal injuries is apparently in line with the awards made in the following cases: Carson v. Thibodeaux et al., La.App., 99 So.2d 367; Eiswirth v. Allstate Insurance Co. of Chicago et al., 232 La. 846, 95 So.2d 334; McCrory v. Great American Indemnity Company et al., La.App., 92 So.2d 742; Palmer et al. v. Fidelity & Casualty Company of New York, La.App., 91 So.2d 77. We deem the award sufficient and find no basis for its increase.
No basis is established justifying an allowance for loss of earnings. The record, in this regard, is vague, indefinite, and uncertain as to the amount of any such claim. Plaintiff was disabled for a time necessary for his scalp to heal. There is no proof as to the time thus consumed; nor as to any rate of pay for any work of which plaintiff has been deprived. This loss has *860 not been established to such degree of certainty upon which an award might be made.
The judgment appealed is, therefore, affirmed at plaintiff-appellant’s cost.
Affirmed.