125 So.2d 251 (1960)
Kenneth S. ANDREA, Plaintiff-Appellee,
v.
Warren R. HICKS et al., Defendants-Appellants.
No. 113.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*252 Cavanaugh, Hickman, Brame & Holt, by Meredith T. Holt, Lake Charles, for defendant-appellant.
Plauche & Stockwell, by Charles D. Viccellio, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, Judges.
TATE, Judge.
The plaintiff's automobile and a truck driven by the defendant Hicks collided, and the plaintiff filed suit for and was awarded judgment by the trial court for the property damage sustained by his vehicle in the sum of $1,313.71. Appeal from this judgment is taken by Hicks, his employer, and the employer's liability insurer, who were joined as defendants.
The issue is whether plaintiff's recovery is barred by negligence on the part of his daughter, who was driving his car at the time of this accident, which occurred at the intersection of two paved city streets in Lake Charles on the afternoon of May 28, 1958.
No stop signs and no city ordinance controlled the right of way at the intersection, which was therefore regulated by the directional right of way provided by a city ordinance similar to LSA-R.S. 32:237, subd. A: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of which he might otherwise have."
From a side street the plaintiff's daughter entered the thoroughfare upon which the defendant driver was approaching from her right, and she had proceeded almost entirely across the 32 foot wide intersection when her right rear door was struck by the defendants' truck, which was in its lane. Neither driver saw the other appreciably before the impact, although the defendants' truck made skidmarks of 12-14 feet prior thereto. Although the plaintiff contends to the contrary, we are unable to find that the defendant driver's speed of (at the maximum) *253 25-30 mph was excessive under the circumstances or by any statutory speed regulation applicable to the scene of the accident.
The chief issue upon this appeal is whether under these facts the plaintiff's driver had pre-empted the intersection, even though she did not have the right of way over the truck approaching it from her right.
We think that our learned trial brother erred in holding that she had. In our opinion the plaintiff's recovery is barred by the contributory negligence of his daughter in entering the intersection in disregard of the right of way of the approaching truck driven by defendant Hicks and at a time when she should have observed it and have reasonably realized that she would obstruct the truck's passage across the intersection, towards which the defendants' driver was approaching at a reasonable speed and in the reasonable assumption that no vehicle with an inferior right of way would suddenly appear across his path.
For the driver with the right of way is ordinarily entitled to proceed toward and into an intersection upon the assumption that inferior traffic will respect his superior right to proceed (Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Henderson v. Central Mutual Ins. Co., 238 La. 250, 115 So.2d 339; Steele v. State Farm Mutual Ins. Co., 235 La. 564, 105 So.2d 222; McLehaney v. Great American Indemnity Co., La.App. 1 Cir., 116 So.2d 69; Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852; Guillory v. Frank, La.App. 1 Cir., 95 So. 2d 197, certiorari denied; Commercial Credit Corp. v. Serpas, La.App. 1 Cir., 94 So.2d 83; Gautreaux v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 83 So.2d 667), unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection (Starnes v. Mury, La.App. 1 Cir., 90 So.2d 901; Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143; Droddy v. Southern Bus Lines, La.App. 1 Cir., 26 So.2d 761); although it is true that the driver with the subordinate right of way may nevertheless "pre-empt" an intersectionthat is, have the superior legal right to be in itby an entry into it with the reasonable opportunity to clear it without obstructing the passage of traffic with a priority right of way approaching at reasonably to be anticipated speeds (State Farm Mutual Automobile Ins. Co. v. Gouldin, La.App. 1 Cir., 121 So.2d 365; Baranco v. Cotten, La.App. 1 Cir., 98 So.2d 260; Wilson v. Williams, La.App. 1 Cir., 82 So. 2d 71; McClenaghan v. United States F. & G. Co., La.App. 2 Cir., 79 So.2d 373).
The fact that the plaintiff's driver's vehicle had physically proceeded more than half-way across the intersection does not, as contended by able counsel, constitute a preemption of the intersection for "To `preempt' an intersection with an automobile does not necessarily mean to enter the intersection first, since pre-emption does not take place unless the automobile which first entered does so at a normal speed, and after its driver has exercised proper precaution and after it has become evident that it can cross in safety if no other vehicle arrives at an unexpectedly excessive speed," State Farm Mutual Auto. Ins. Co. v. Gouldin, La.App. 1 Cir., 121 So.2d 365, 367.
As stated in Emmco Insurance Co. v. Globe Indemnity Co., La.App.Orleans, 119 So.2d 516, 518-519, "A pre-emption must be construed to mean an entry into an intersection with bona fide self-assurance of a full opportunity to clear the intersection under normal circumstances." The motorist with the inferior right of way does not preempt the intersection unless he enters it when, because of the distance from the intersection of other traffic, he may reasonably assume that his crossing can be safely executed without requiring an emergency stop by any right-of-way vehicle. Johnson v. Southern Bell Tel. & Tel. Co., La.App. 1 Cir., 106 So.2d 22, 26; Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71; Vernaci v. Columbia Cas. Co., La.App.Orleans, 71 So.2d 417, 418; Seamon v. Aetna Cas. & *254 Sur. Co., La.App. 1 Cir., 62 So.2d 856; Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321.
Booth v. Columbia Cas. Co., 227 La. 932, 80 So.2d 869, upon which appellee heavily relies, is factually distinguishable. The negligence of the superior driver in the Booth case was the proximate cause of the accident because under its facts he should reasonably have realized in time to avoid the accident that the inferior vehicle was entering the intersection in disregard of the former driver's superior right of way.
For the foregoing reasons the judgment of the trial court is reversed and plaintiff's suit is dismissed. All costs to be paid by plaintiff-appellee.
Reversed.