HOOD, Judge
(dissenting).
I cannot agree with the conclusion reached by the majority that the speed at which defendant’s train was being operated constituted a proximate or contributing cause of the accident. At the time the accident occurred the train was traveling at a speed of 37 miles per hour, which was 12 miles per hour in excess of the speed limit fixed by defendant company for the operation of trains in the Town of Vinton. The majority has concluded that, under the circumstances shown here, the operation of the train at a speed of more than 25 miles per hour constituted actionable negligence on the part of defendant’s agents.
It is indicated in the majority opinion, I think, that the operators of the train would not have been negligent, and there would have been no recovery from defendant, if the train had been traveling at a speed of 25 miles per hour, instead of 37 miles per hour, at the time of the accident. And, certainly, in view of the many warning devices which were maintained and used by defendant at this crossing, the railroad was not required to reduce the speed of its trains at that crossing much below the customary and ordinary speed of its trains. The rule, I think, has been correctly stated by the U. S. District Court for the Western District of Louisiana, in Lewis v. Thompson, D.C., 47 F.Supp. 435, as follows :
“In the absence of some extraordinary or unusual condition or circum *679 stance, a railroad operating through trains on either regular or extra schedules, through small rural hamlets or villages, is not required, in the absence of statute or ordinance, to * * * reduce the usual and customary speed of its trains at these crossings; and, if proper, lawful and adequate warnings are sounded for such crossings, no negligence results, in the absence of proof of existing unusual or extraordinary conditions. Ordinarily a speed of 40 to 45 miles per hour, under normal conditions, is not negligent; and the traveler’s inattention, not the train’s speed is the proximate cause of such accident.”
The evidence in this case establishes that a warehouse was located on the northwest quadrant of this crossing, obstructing the view of the train operators and motorists as they approached the intersection. At the time this accident occurred, the operators of the train did not see, and they could not have seen, the Foreman car approaching the railroad track until the locomotive was within 50 feet of that crossing. The emergency brakes of the train were applied immediately after the car was seen, but the train traveled a distance of about 1,250 feet before it could be stopped. The evidence further establishes that the train could not have been brought to a stop within a distance of 50 feet after the danger became apparent, and thus the accident could not have been avoided, even if the train had been traveling at a speed of 25 miles per hour. Since the accident would have occurred in exactly the same manner if the train had been traveling at the maximum speed allowed by a company rule, that is 25 miles per hour, then it seems to me that the operation of the train at a speed a little in excess of that limit could not and did not constitute a proximate or contributing cause of the accident.
The law is well settled to the effect that liability does not result from a mere technical violation of regulations governing the speed of vehicles, unless it appears that the violation was responsible, to some extent, for the accident. Robinson v. Great American Indemnity Company, La.App. 2 Cir., 120 So.2d 855.
In Vernaci v. Columbia Casualty Company, La.App. Orl., 71 So.2d 417, the court said :
“It is well settled that even when there is a technical violation of regulations governing the speed of vehicles, liability does not result unless it appears the violation was responsible to some extent for the accident.”
In Alanza v. Texas & P. Ry. Co., La.App. 2 Cir., 32 So.2d 341, the plaintiff’s vehicle stalled on the railroad tracks when defendant’s train was within 200 or 300 feet, from the accident crossing, approaching at a speed of between 50 and 55 miles per hour. In holding that the speed of the train did not constitute a proximate or contributing cause of the accident, the Court said:
“ * * * under these circumstances, it is, of course, obvious that the train which was, according to the preponderance of the testimony, proceeding at a speed between 50 and 55 miles per hour, could not possibly have been brought to a stop in time to avoid the collision. * * *
“Nor is there anything in the record which sustains plaintiff’s charge that at the time of the accident the train was being operated at an excessive rate of speed of 65 to 70 miles per hour. While the testimony on this point is of necessity vague and uncertain, we think the most reliable evidence is found in the testimony of the fireman of the locomotive to the effect that the speed of the train at the time was about 55 miles per hour. But, however this may be, it is evident that the speed of the train, whether it was 50 or 100 miles per hour, was neither a proximate nor a contributing cause of the accident.”
The principal issue presented here is identical to the issue which was presented *680 to us in the recent case of Warner v. Insurance Company of State of Pennsylvania, La.App., 129 So.2d 320. In that case the insured, Warner, was driving on a favored ■street at a speed in excess of the legal speed limit of 35 miles per hour, when another vehicle unexpectedly entered his lane of traffic from a blind intersection, about 40 or 50 feet ahead of him. The evidence established that Warner could not have stopped in time to avoid a collision, even though he had been driving within the legal speed limit. We held that under those circumstances Warner’s negligence in driving at a speed in excess of the legal speed limit was not a proximate or contributing cause of the accident. In that case we quoted with approval the following language from the Robinson case, supra:
“ 'Defendant’s contention that plaintiff was guilty of contributory negligence, constituting a proximate cause of the accident, is predicated upon plaintiff’s admission that he was slightly exceeding the speed limit, as fixed by ordinance of the City of Alexandria at 25 miles per hour. By his own testimony and that of other witnesses, plaintiff’s speed was estimated between 25 and 30 miles per hour. The position taken by defendant is that, in any inter-sectional collision, excessive speed of one of the vehicles is always a proximate cause for the reason, it is claimed, had plaintiff been going at a lesser speed, defendant could have made it through the intersection and there would have been no accident. This reasoning is illogical and unsound for, by the same process, it may be concluded, that had plaintiff been proceeding at a much greater rate of speed, and his violation magnified, his negotiation of the intersection would have been completed before defendant’s arrival and there still would have been no accident. Therefore, it is obvious that plaintiff’s action in slightly exceeding the speed limit was not a contributing factor to the occurrence of the accident.’ ”
It seems to me that the majority in the instant suit has ignored the well established principle of law which this court followed and applied in the Warner case.
Since it appears to me that in the instant suit there is no causal connection between the accident and the operation of the train in excess of the speed limit fixed by a company rule, I feel that whatever negligence might be attributed to defendant’s agents for exceeding that speed limit did not constitute a proximate or contributing cause of the accident.
For these reasons I respectfully dissent from the decree rendered herein.