HARDY, Judge.
This is a suit by plaintiff, Mrs. Mattie Rhodes, for personal injuries sustained while riding as a guest passenger in an automobile owned and driven by John H. Perritt. Made defendants were the driver, owner and insurer of the allegedly offending automobile. From a judgment in favor of plaintiff the defendants have appealed.
The accident occurred in the City of Minden at or about 5 :00 P. M. on October 12, 1956, at the intersection of Sibley Road and South Broadway Street. The Perritt car was moving south on Sibley Road and while engaged in attempting to negotiate the intersection of South Broadway it was struck by an eastbound automobile driven by Mrs. Maggie B. Rowell.
South Broadway is a two-lane, one-way street, 28J4 feet in width, on which traffic moves east, and it is separated from North Broadway, on which traffic moves in the opposite direction, by a wide neutral ground. Sibley Road is a conventional two-lane thoroughfare, 40 feet in width, which enters South Broadway from the south, and, after crossing the neutral area, dead-ends at the North Broadway intersection. Neither thoroughfare is accorded a right-of-way status by any statute or ordinance, but it is established that a stop sign is located, on the neutral area, facing southbound traffic on Sibley Road, at a point some 18 feet from its intersection with South Broadway. While a blinker type caution light is located above the center of the intersection, it was not established that the signal was operating at the time of the collision.
The 1939 Chevrolet Sedan driven by its owner, John H. Perritt, was occupied by another passenger on the front seat and three women on the rear seat, the plaintiff, Mrs. Rhodes, being seated in the center of the rear seat.
A number of the material facts were definitely established on trial, which we enumerate as follows:
Mr. Perritt brought his car to a stop some 25 feet, more or less, before reaching the stop sign, which, as above observed, is located 18 feet from the intersection. At this point Perritt made observation, and, perceiving no approaching traffic, proceeded, at a speed of some 10 to 15 miles per hour, toward and into the intersection; he made no further observation and perceived the approach of the Rowell car only after entering the intersection, at which time, according to his testimony, it was some 30 feet distant, and, thereupon, he attempted, by accelerating his speed, to clear the path of the Rowell car, but without success. The district judge correctly found that Perritt was guilty of gross negligence in that his only attempted observation of the highway along heavily traveled South Broadway, which is a link of Highway 80, was made from a point some 35 or 40 feet distant from the intersection. Unquestionably, his failure to continue to make proper observation and to see what could and should have been seen did constitute negligence which was a proximate cause of the accident; Chase v. Burley, La.App., 76 So.2d 587. This conclusion, however, in no wise affects plaintiff, inasmuch as such an act of negligence under the circumstances could not properly be imputed to her.
Mrs. Rowell, driving at a speed of 25 to 30 miles per hour, observed the approach of the Perritt vehicle at a time when she was at least some 100 feet distant from the intersection and testified that the Perritt car was slowing down, which indicated to her that it would be brought to a stop before proceeding into the intersection. According to her testimony, when she actually observed the Perritt car entering the intersection proper she immediately applied her brakes. One of the State Troopers *822 who investigated the accident testified that the skidmarks made by the Rowell car measured approximately 30 feet from the point of impact to the west, the direction from which it was approaching. Bearing in mind the fact that the speed of the Rowell car was approximately twice that of the Perritt car, and taking into consideration the approximate measurement of the skidmarks and the allowance for reaction time, it is evident that these factors, in themselves, substantiated Mrs. Rowell’s testimony. As best we can determine from the testimony of the various witnesses, the point of impact should be fixed as being almost in the exact center of the intersection, and the front of the Rowell car made contact with the left rear and side of the Perritt vehicle.
Allowing for the length of the Per-ritt car as being approximately 16 feet, and considering the fact that it had traveled across half the width of South Broadway, an additional 14 feet, justifies, within a reasonable margin for error, the conclusion that the Perritt car had traveled 30 feet, more or less, into the intersection when it was' struck by the Rowell vehicle. As we have already observed, the speed of the Rowell car was approximately twice that of the Perritt automobile. Allowing for the established reaction time of three-fourths of a second at 30 miles per hour, the Rowell car moved 33 feet before the application of the brakes took effect and then skidded an additional 30 feet, a total of 63 feet to the point of impact. The importance of these computations lies in the fact that, with almost complete certainty, they corroborate the testimony of Mrs. Rowell to the effect that she took immediate action in the attempt to avoid the accident as soon as it became evident that Perritt intended to enter the intersection without coming to a stop, as she had reasonably anticipated because of his slow rate of speed.
From these factual circumstances we think the conclusion is inescapable that Mrs. Rowell was free from any negligence which caused or contributed to the occurrence of the accident.
It must be borne in mind that although neither of the streets enjoyed the legal status of a preferred thoroughfare,, the Rowell car, approaching from Perritt’s, right, was accorded the right-of-way under the specific provisions of LSA-R.S.. 32:237, subd. A.
Our learned brother of the district court correctly stated the principle of law with reference to intersectional collisions to the effect that superior traffic is entitled to rely upon the assumption that: traffic on an inferior thoroughfare will respect the superior right-of-way, citing Nix v. State Farm Mutual Ins. Co., La.App., 94 So.2d 457; Brashears v. Tyson, La.App., 86 So.2d 255; Bahry v. Folse, La.App., 83 So.2d 912.
The district judge also correctly-stated the exception to the general rule,, namely, that in cases where a superior motorist observes the approach of intersec-tional traffic and “ * * * should reasonably realize its approach will continue and. will obstruct the superior motorist passage across the intersection, * * * ”, it is. negligence to continue, and cited in support of this principle the recent case from the First Circuit of Starnes v. Mury, La.App., 90 So.2d 901.
However, we are convinced that the ■ learned judge erred in applying the principle enunciated in the Starnes case to the facts of the instant case which we have-above summarized. The opinion in the Starnes case clearly indicates that the conclusion was predicated upon the effect of' the testimonial admission by the plaintiff that she had not seen the defendant’s car and that she could have stopped before she entered the intersection if she had observed its approach. On the basis of this testimony the court found that Mrs. Starnes had been guilty of contributory negligence. The facts in the case before us are at complete variance, for we are convinced, as . *823 above pointed out, that Mrs. Rowell was making careful observation of the situation confronting her and that she took timely and appropriate action as soon as it became evident that Perritt intended to continue the movement of his car into the intersection. Under such circumstances we cannot conceive how a conclusion of negligence as against Mrs. Rowell could be justified.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and there is now judgment in favor of the defendants, Adron Rowell, Mrs. Maggie B. Rowell and American Southern Insurance Company, rejecting plaintiff’s demands, together with all costs.