HARDY, Judge.
This is a suit for damages by plaintiffs, the driver and passengers in a pick-up truck, which was involved in a collision with an automobile driven by the defendant, A. M. Riley, with whom is joined as a party defendant his automobile liability insurer. From a judgment in favor of defendants rejecting plaintiffs’ demands, the latter have appealed.
The accident occurred about 5:00 p. m. on July 31, 1958, at the intersection of the Barron Road and Highway 171, a preferred thoroughfare, in Caddo Parish. Plaintiffs *398 alleged various grounds of negligence on the part of the defendant, Riley, as the direct and proximate cause of the accident, namely, driving at an excessive rate of speed; failing to have his vehicle under proper control; failing to take proper precautions in approaching the dangerous intersection; failing to keep a proper lookout; finally, in pulling to his right off the right shoulder of the highway rather than to the left in an effort to avoid the collision. Alternatively, plaintiffs plead the doctrine of last clear chance. Defendant’s answer denied the charges of negligence against Riley, averring that the negligence of the plaintiff, Williford, driver of the truck, was the sole, direct and proximate cause of the accident, and, alternatively, specifically pleaded contributory negligence on the part of plaintiffs, Williford and Lowe.
Without the necessity for encumbering this opinion with a detailed narrative of all the circumstances related to the accident, it suffices to observe that the record abundantly supports the conclusion that the gross negligence ■ of the plaintiff, Williford, driver of the truck, in entering upon and attempting to cross a preferred highway in the face of approaching traffic which could and should have been readily observed, was the direct and proximate cause of the collision.
We next proceed to examine the question of negligence, vel non, on the part of the defendant, Riley, which issue directly affects the right of recovery by the members of the Lowe family, husband, wife and two children, aged three and five years, who were the passengers in the Williford truck.
The facts are clear that Williford, driving west on the Barron Road, proceeded into the intersection and attempted to negotiate the crossing of the twenty-four foot paved slab of the highway without making proper observation and without perceiving the approach of the Riley automobile which was moving south on the highway at a speed of 50 to 60 miles per hour. The only testimony with reference to the question of Riley’s negligence which is deserving of consideration, is that of Riley himself and the two investigating State Troopers. Riley was accompanied by his wife, but she did not observe the Williford truck until it was almost directly in front of the Riley car, at which time her husband had applied the brakes. None of the plaintiffs saw the approach of the Riley automobile, although clear vision of the highway to the north was unobstructed for a distance of 350 yards, more or less. Riley’s testimony is consistent and convincing. When asked to give an estimate as to his distance from the truck when he noticed it entering the highway, he fixed the distance as being 50 to 75 feet, but qualified this by stating that it was purely a guess. The testimony of all witnesses is in complete agreement as to the fact that the Williford truck moved very slowly out onto and across the highway. Riley testified that he thought the Williford truck would stop and only when it actually moved onto the highway did he realize that the driver would attempt to cross in front of his approaching automobile. Immediately Riley applied his brakes and turned his car sharply to the right. The testimony conclusively located the point of impact between the two vehicles as being just off of the western edge of the highway slab on the apron of the intersection.
The testimony of one of the troopers, who investigated the accident and made the measurements, established the fact that the measured skidmarks of the Riley automobile extended to a point sixty-six feet distant from the actual place of impact. With the allowance for reaction time, it is evident that Riley perceived the dangerous movement of the Williford truck when he was some 100 to 130 feet distant.
 After careful examination of the testimony of all the witnesses, we do not find the slightest ground for holding the defendant, Riley, guilty of any negligence whatsoever. He was not traveling at an *399 excessive speed; he was keeping a proper lookout; he observed the development of a dangerous situation at the earliest possible moment and he immediately took every action possible in an effort to avoid the collision. These findings not only serve to acquit Riley of any act of negligence, but negate the applicability of the doctrine of last clear chance. As to the contention that Riley should have turned his car to the left instead of the right, this constitutes purely an argument after the fact and involves at most a charge of an error in judgment which does not justify a holding of liability.
This case tenders issues which are purely factual. Our conclusions, as above noted, are completely in accord with the findings of the trial judge, and, it follows that, in our opinion, there is no error, manifest or otherwise, in the judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.