JANVIER, Judge.
This suit for damages for physical injuries and for the value of the demolished *667 automobile of plaintiff results from an in-tersectional collision which occurred a few minutes before midnight on December. 31, 1956.
The plaintiff was operating his car, a 1952 Plymouth sedan, and the other car was '.being driven by Charles E. Cancienne, Jr., who, at the time, was not twenty-one years .of age and who was living with his father.
Alleging that the accident had resulted ■solely from negligence on the part of young •Cancienne, the plaintiff, Horvath, brought this suit against both the son and the father, praying for judgment in the sum of $11,450.
It is conceded that young Cancienne was negligent in that he drove into the intersection without looking, without stopping and without noticing a stationary traffic “stop” sign on the sidewalk to his right. The defense is based on the contention that Hor-vath, the plaintiff, was guilty of contributory negligence in that he was not maintaining a proper lookout; did not sound his horn or reduce his speed, and “drove his vehicle directly into the path of the approaching vehicle operated by the defendant * *
There was judgment in favor of plaintiff against both defendants in the sum of $1,460, and both defendants have appealed.
The plaintiff has answered the appeal, praying that the award be increased to $3,463.50.
Plaintiff was operating his car on St. Anthony Street, which admittedly is a “boulevard” with two roadways which are separated by a canal. The Cancienne car was on Sumpter Street, a single roadway on which the stop sign required that vehicles on that street be brought to a stop before entering the intersection. The intersecting corner is what is referred to as a “blind” corner, with the result that the ■driver of a vehicle on either street when 40 or 50 feet from the corner can see into the other street for only about the same •distance.
It is conceded that plaintiff was driving his car at a speed of between 30 and 35 miles an hour, which admittedly is not beyond the limit prescribed by the city traffic ordinance.
Young Cancienne, who was accompanied by a young lady whom he has since married, says, with commendable frankness, that he was not familiar with the neighborhood; that he was looking for a street and a house number, and paid no attention to the fact that there was a stop sign which faced him. He said: “* * * .1 never seen the man coming. As far as I remember, I never' did see the lights or nothing.” He then stated that the young lady with him had noticed the other car or its lights before he did and he said: “ * * * when she hollered, I turned around, and it was right up on me. * * * ”
Horvath says that he was very familiar with that' locality since he lived in the neighborhood and constantly traveled that route to and' from his residence. He knew of the stop sign which required vehicles on the other street to be brought to a stop, and he says that, as he approached the corner, he could see the glare of headlights, but could not tell at what speed the other car was approaching or whether in fact it was stopped. His statement is:
“ * * * all I was doing was driving home like I usually do, and I seen a light and glare, and, well, I never did anything about stopping, because I never do stop there. He’s the one that had a stop sign there at Sumpter, so I went on across the intersection like I always do; and he came on out, and even then I thought he had missed me, but he hit me on the tail end of my car.”
We do not see that there was any negligence on the part of Horvath. Since he was on the more important thoroughfare and knew that any vehicle entering should be brought to a stop, he was justified in continuing at a moderate speed, and when the other car entered there was nothing that he could do to avoid it.
*668 The jurisprudence on such a situation is well set forth in Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339, in which we note the following from Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849, 851:
“ * * * The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law.”
When we come to consider the amount to which plaintiff is entitled, we find no contradiction of the evidence to the effect that his automobile was worth from $675 to $700 and was entirely demolished. The plaintiff himself fortunately was not seriously injured and was not required to lose any time in his employment. He sustained lacerations on the bridge and on the right side of his nose and brush burns of both shins, and contusions of the left knee.
Apparently the scar on his face is permanent, though according to the physician it is not disfiguring. The District Judge, concerning plaintiff’s face and leg, said:
“Let the record show that on his right leg there is still some minor scarring, and on his face above the bridge of the nose is a little lump that Dr. Stone testified to.” '
The testimony to which the Judge referred reads as follows:
“ * * * Examination of his head showed there were healed scars. One was a ‘T’ shaped one in the middle of the forehead, and extending down to the right of the nose was a slight irregular scar at the lowest portion. There was another rounded, healed scar on the right side of the nose near the ala, approximately one-quarter inch in diameter. There is another scar in the right forehead at the hairline. None of the scars are disfiguring, except the slight irregularity on the side of the nose. * * * ”
The doctor’s bill amounted to $35 and his spectacles which he lost were valued at $36.
Under all the circumstances we-think that the amount awarded is inadequate and have concluded to increase the-total award to $2,000.
Accordingly the judgment appealed from, is amended by the increase of the amount awarded to $2,000, with interest from judicial demand and for all costs.
Amended and affirmed.
REGAN, J., absent, takes no part.