HARDY, Judge.
Plaintiff, individually and for the use and benefit of her minor son, brought this suit for damages resulting from the death of her husband, and has appealed from judgment rejecting her demands.
The accident occurred on the bright, sunny afternoon of July 6, 1958, at an intersection of two state highways in the small unincorporated community in Webster Parish known as New Shongaloo. The defendant, Ross, accompanied by a passenger, Adron E. Chafin, was driving his Oldsmobile Tudor sedan south on Louisiana Highway 2, a preferred thoroughfare, and the decedent, Fred B. Stansbury, was operating a motorcycle moving east on Louisiana Highway 534-159. Plaintiff alleged negligence of the defendant, Ross, in driving at an excessive rate of speed, failing to keep a proper lookout and to have his vehicle under control, as the proximate cause of the accident, and, alternatively, asserted the doctrine of last clear chance. By answer, defendants Ross and his insurer asserted numerous charges of negligence on the part of decedent as the proximate cause of the accident, and, alternatively, pleaded contributory negligence.
We find the material facts which were preponderantly -established on trial show that the intersection was protected by a stop sign located on the highway upon which decedent was traveling; decedent’s minor son, riding another motorcycle, observed and heeded the traffic warning and brought his vehicle to a stop at or near the stop sign, but his father ignored the warning and proceeded into the intersection, striking the right center of the Ross vehicle; the left side of decedent’s motorcycle then scraped along the side of the Ross car and it appears that Stansbury’s left leg was hooked into the rear bumper and torn from his body, as the result of which injury death immediately followed. At the time of the collision the Ross automobile was traveling at a speed in the neighborhood of fifty-five miles per hour and the Stansbury motorcycle was moving at a rate of some fifteen miles per hour, or more. There was no obstruction to the view of any of the parties involved and visibility for all practical purposes was unlimited; both Ross and his passenger, Chafin, observed the approach of the two motorcycles some distance before they reached the stop sign on the intersecting highway and noted *801 that the speed of the vehicles was being decelerated ; after noting this action Ross did not continue his observation and proceeded into the intersection, in reliance upon the assumption that the cyclists would accord the required preference to his negotiation of the intersection.
There are a few necessary observations to he made with reference to the facts which, however, do not in any degree detract from the findings above noted. The testimony of decedent’s minor son, who was accompanying his father, that the first point of impact was made by the right front of the bumper of the Ross car, is obviously in error. Photographs of the Ross vehicle introduced in evidence clearly indicate a frontal impact by the decedent’s motorcycle against the center of the right side of the car and a subsequent sideswiping contact to the rear, becoming very pronounced at the right rear bumper. No indication of damage is shown to the right front of the car. We also find that the testimony of Ross and Chafin is obviously in error as to the respective distances of the vehicles involved from the intersection at the time of their observation of the approaching motorcycles. We do not find that either of these respective errors have any substantial bearing upon the resolution of the pertinent facts.
 We are completely in accord with the finding of the district judge, as evidenced by his written opinion, that the decedent, Stansbury, was grossly negligent, and it is clear that such negligence was the proximate cause of the accident. Nor do we find that plaintiff has succeeded in establishing negligence on the part of the defendant Ross. The legal principle relating to the respective rights and duties of motor vehicle operators approaching and entering the intersection of a right-of-way with an unfavored thoroughfare has been definitely established by our jurisprudence. Less care is required of the driver on the right-of-way street, and, further, he has the right to rely upon the assumption that the driver on the less favored street will bring his vehicle to a stop. The principle was reiterated in the opinion of Mr. Chief Justice Fournet in Henderson v. Central Mutual Insurance Company et al., 238 La. 250, 115 So.2d 339, which quoted with approval from the opinion of Mr. Justice Hawthorne in Koob v. Cooperative Cab Co., et al., 213 La. 903, 35 So.2d 849. The same principle has been recently emphasized, although the point at issue involved an intersection controlled by traffic signal lights, by Mr. Justice McCaleb in Youngblood v. Robison et al., 239 La. 338, 118 So.2d 431.
Although our finding of negligence on the part of decedent and lack of negligence on the part of defendant, Ross, would serve to dispose of the case at hand, we think it desirable to take note of plaintiff’s reliance upon the doctrine of last clear chance. The only basis for the application of this doctrine in the instant case would rest upon a conclusion that Ross saw, or should have seen, decedent’s failure to bring his vehicle to a stop. We do not find that the record before us justifies such a conclusion in any degree. It should be pointed out that Ross was not relying upon the mere assumption that the decedent would bring his vehicle to a stop, but his reliance upon such action was fortified and reinforced as the result of his observation of the deceleration of speed. Under such circumstances we cannot conceive the application of the doctrine to be appropriate.
Finally, if, for the sake of argument, the negligence of both parties be conceded, we think the burden of application of the last clear chance doctrine would be more justly imposed upon the decedent than upon the defendant, Ross. We recently considered a matter in which the physical facts were somewhat analogous to those here presented, and the same legal issues were involved, to which case we refer in further support of our findings as above noted; Clark v. Shannon, La.App., 120 So.2d 307.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.