AYRES, Judge.
Through this action ex delicto plaintiff seeks to recover damages for personal injuries and for damage to property sustained in a collision at a street intersection in the city of Winnfield.
The collision occurred at the intersection of King and Lafayette Streets. Traffic on the latter, a main-traveled thoroughfare comprising a segment of U.S. Highway 167, has right of way over traffic from intersecting streets. This right of way is specially conferred by a municipal ordinance. This segment of the highway runs in a general east and west course and is intersected and crossed at right angles by King Street.
Involved in the collision were plaintiff’s 1938 Ford, occupied and driven by her, and a 1954 Ford of the defendant, occupied and driven by its employee, Claude H. Weaver. Weaver was driving in a westerly direction on Lafayette Street, while Mrs. Plunkett was pursuing a southward course on King Street. The accident occurred in the northwest quadrant of the intersection when defendant’s vehicle struck the left front side and door of plaintiff’s car. After the impact, defendant’s car traveled only four feet before coming to a stop, while plaintiff’s car continued in a southerly course across a ditch 56 feet before coming to rest, after having struck a tree.
Negligence charged to defendant’s driver consisted of an excessive rate of speed and a failure to keep and maintain control of his car. Countercharges of negligence, allegedly constituting a proximate cause, or, in the alternative, a contributing cause of the accident, were directed to plaintiff. Particularly specified were acts such as running a stop sign, exessive speed, and failure to keep her vehicle under control, or to keep a proper lookout, or to yield the right of way to defendant’s driver.
The trial court concluded, from his review of the evidence, that plaintiff failed to establish any negligence upon the part of defendant’s driver, and that the unfortunate accident was due to plaintiff’s failure to stop at the intersection or to accord defendant’s driver the right of way. From a judgment accordingly rejecting her demands, plaintiff appealed.
The issues are purely factual in character. No legal questions are involved.
Other than plaintiff and defendant’s driver, only one other person, Mrs. J. J. Johnson, Jr., witnessed the accident. Plaintiff testified she was proceeding in a southerly direction on King Street at approximately 20 to 25 m. p. h. when, on arriving at the intersection with Lafayette Street, she stopped, looked in both directions for approaching traffic, and, seeing none, entered the intersection; that, after having proceeded more than one-half the distance across the street, her car “killed” and stopped. While so stopped, she said defendant’s vehicle struck the left side of her car.
Weaver, however, testified that his own speed was 20 to 30 m. p. h. and that, as he came within 35 feet of the intersection, he saw plaintiff’s car, the speed of which he estimated at 35 m. p. h. about to enter the intersection; whereupon, on realizing she was not going to stop and was not yielding the right of way, he applied his brakes and *76 skidded his car in an attempt to avoid the accident.
Mrs. Johnson was sitting in her car across the street at the time of the accident. Due to the lapse of a period of approximately four years from the occurrence of the accident to the time of trial, Mrs. Johnson’s memory had become dulled and her recollection of the details of the occurrence faint. Nevertheless, it was her recollection that Mrs. Plunkett did not stop her car before entering the intersection.
A member of the State highway police arrived at the scene of the accident about five minutes after its occurrence. In his investigation, he found that the point of impact between the two vehicles was approximately in the center of the north, or westbound, lane of traffic on Lafayette Street, which would, at the time, have placed the front end of plaintiff’s car slightly beyond the center line of the street. Stop signs were posted of King Street at its intersection with Lafayette Street. Skid marks made by defendant’s vehicle, 30 feet in length, in its driver’s proper lane, formed a straight line, except a slight turn to the left immediately before reaching the point of impact.
There is no showing justifying a conclusion that defendant’s driver was guilty of the charge of excessive speed or that his speed was a factor in the occurrence of the accident. Nor is there any evidence warranting or justifying a conclusion that Weaver failed to maintain control of his car. Weaver contends his vehicle was virtually stopped at the point of impact. That his vehicle stopped within a distance of four feet after the impact tends to support this position. The fact that plaintiff’s vehicle continued 56 feet in a southerly direction before stopping, when it struck a tree, instead of westward, the direction in which defendant’s driver was traveling, tends to substantiate defendant’s contention that plaintiff drove into the highway in front of its vehicle and was not stopped at the time of the collision.
In discussing and resolving the respective duties and rights of motorists when approaching and entering intersections, the Supreme Court, in the case of Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849, 851, very aptly stated:
“The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. ijs ¡fc »
See, also: Kientz v. Charles Dennery, 209 La. 144, 24 So.2d 292; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; Rhodes v. Rowell, La.App., 2d Cir., 1958 (writs denied), 106 So.2d 820.
Applying the aforesaid tests to the facts of the instant case, the conclusion reached by the trial court that Weaver was free from negligence and that the accident resulted from plaintiff’s negligence is inescapable. She entered the intersection of a favored street from an inferior street without making proper observation as to the *77 approach of defendant’s vehicle and failed to accord such vehicle its superior right of passage through the intersection. From ■our own review of the record, we have reached the same conclusion.
The judgment appealed is, therefore, affirmed at plaintiff-appellant’s cost.
Affirmed.