**Inez M. OUBRE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 19088.

United States Court of Appeals
Fifth Circuit.

April 27, 1962.

Floyd J. Reed, New Orleans, La., for appellant.

Horace C. Lane, Hynes & Lane, Baton Rouge, La., for appellee.

Before BROWN and WISDOM, Circuit Judges, and DE VANE, District Judge.

PER CURIAM.

This was a typical intersection automobile collision. The suit was brought under the Louisiana Direct Action Statute and tried by a Louisiana-trained Judge without a jury. Whether the defendant driver became aware of the likelihood that the plaintiff car would not respect the duty to stop at the intersection protected by a stop sign was the crux of the whole controversy. With an evident awareness of the applicable Louisiana legal standards, expounded in such cases as Gautreaux v. Southern Farm Bureau Casualty Co., La.App., 1955, 83 So.2d 667; Janice v. Whitley, La.App., 1959, 111 So.2d 852; Patterson v. Hardware Mutual Casualty Co., La.App., 1961, 131 So.2d 147; cf. Kientz v. Charles Dennery, 1945, 209 La. 144, 24 So.2d 292; Koob v. Cooperative Cab Co., 1948, 213 La. 903, 35 So.2d 849; Henderson v. Central Mutual Ins. Co., 1959, 238 La. 250, 115 So.2d 339; Youngblood v. Robinson, 1960, 239 La. 338, 118 So.2d 431, the trial Judge held that the defendant was not negligent in failing to ascertain at an earlier time and distance that the plaintiff car would not stop.

594

What we might have done had we seen and heard these witnesses is not now the question. It is our obligation to test it solely within the concept of the clearly erroneous standard of F.R.Civ.P. rule 52(a), 28 U.S.C.A. The evidence amply warrants the conclusion reached. The fact is found. There it ends.

Affirmed.