JOHNSON, Judge.
Judgment in the trial court was rendered in favor of the plaintiff. The defendants appealed.
As a result of an automobile accident in Orleans Parish, three separate suits were filed. These three suits were consolidated in the Civil District Court for trial with separate judgments to be rendered. The three cases were consolidated in this court for argument. The two other consolidated cases are No. 2914 of the docket of this court, entitled, Rosalie B. Alfonso v. Continental Insurance Company [Niagara Fire Insurance Company appears as the proper defendant], 207 So.2d 854 and No. 2915, Rosalie Rumby v. Cooperative Cab Company, Inc., [corrected by pleading], St. Louis Fire and Marine Insurance Company and Niagara Fire Insurance Company, 207 So.2d 855.
The operator of a taxicab, Frank A. Tessitore, brought this suit against Mrs. McCarthy and her liability insurer, Niagara Fire Insurance Company, for personal injuries, loss of wages and medical expenses. Mrs. McCarthy was driving her station wagon on Dublin Street toward the lake. Plaintiff charged her with several acts of negligence and in particular with failing to stop at the Stop sign which faced her at Sycamore Street; in failing to yield the *853 right of way, and in failing to see what she should have seen. Mrs. McCarthy and her insurer answered denying negligence and alleging that the accident was caused by the negligence of Tessitore in several respects, and principally that he was traveling at an excessive rate of speed. In the alternative, defendants pled the contributory negligence of plaintiff.
Mrs. McCarthy said she brought her car to a stop in obedience to the traffic sign upon reaching Sycamore Street, looked both ways but saw no oncoming traffic. Actually, Tessitore’s taxicab was approaching on Sycamore Street from her right and must have been very close to the intersection when she started across. She then attempted to cross notwithstanding the close proximity of the taxicab. The inevitable accident occurred about the center or in the upper lake-side part of the intersection. Mrs. McCarthy’s negligence is so evident that it is not necessary to discuss it at length. We quote from her testimony as follows:
“Q. You stopped at the stop sign and then you proceeded forward?
“A. Then, I looked to see if anything was coming.
“Q. You didn’t notice if anything was coming ?
“A. There was nothing that I could see.
“Q. Then you started across the intersection of Dublin and Sycamore?
“A. Right.
“Q. And when you attempted to cross the intersection of Dublin and Sycamore, you struck a United Cab on the left side, isn’t that true?
“A. No, I kept the United Cab from getting into a serious accident, I saw, his cab, I didn’t know it was a cab but I saw this cab just when we collided and I pulled away from it, he didn’t, I kept going straight.”
Sycamore Street was a through or right of way street over Dublin. Both streets have two traffic lanes, one lane in each direction. It is quite clear that these two vehicles approached and entered this inter-ection at about the same time. Mrs. McCarthy testified that she stopped at the Stop sign before entering Sycamore Street and there is no testimony that she did not stop. Her mistake was made in entering the intersection when it was not safe to do so.
Mr. Tessitore was asked if he had seen the McCarthy car earlier could he have stopped and he answered “yes.” There is no explanation as to what is meant by “earlier.” He was not required to stop unless he could have done so after Mrs. McCarthy entered the intersection, and, under all the circumstances shown by the record in this case, we are not convinced that he could have stopped.
As to the speed of the taxicab, a Rev. Wiley says that he observed the cab about half a block away, but could not state whether it accelerated or decreased its speed. Mrs. McCarthy did not know its speed as she had not seen it approaching the intersection, and Mr. Tessitore said that, although he might have told the police officer who made the investigation of the accident that he was traveling 20 miles an hour, he was only going 10-15 miles an hour. The passenger did not know the speed. We find no contributory negligence on his part.
We are in accord with the finding of the trial judge that the accident was the result of Mrs. McCarthy’s “sole negligence.” Rachow v. Ringwald, La.App., 87 So.2d 173; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Lowe v. Peerless Insurance Company, La.App., 115 So.2d 397; Mahaffey v. State Farm Mutual Automobile Ins. Co., La.App., 175 So.2d 905; Brown v. Checker Cab Company of New Orleans, La.App., 119 So.2d 513; Buhler v. Villec, La.App., 117 So.2d 286.
*854 As to plaintiff’s answer to the appeal praying for an increase in the amount awarded for his physical injuries, we are of the opinion that the amount of $800.00 is not inadequate. He suffered a slight neck injury, saw his doctor six times; only muscle relaxants, heat and rest were prescribed. He was discharged about a month after the accident.
For the reasons assigned, the judgment appealed from is affirmed; appellants to pay all costs.
Affirmed.