JOHNSON, Judge.
There was judgment for plaintiff in this suit against Niagara Fire Insurance Company in the sum of $5,030.94 for personal injuries and incidentals and dismissing the suit as to the other defendants. The Insurance Company has appealed.
Three suits grew out of an automobile accident and the suits were consolidated for trial in the district court and for argument in this court. The companion cases are No. 2913 of the docket of this court, entitled Frank A. Tessitore v. Mrs. Margie McCarthy and Niagara Fire Insurance Company, 207 So.2d 852, and No. 2913, entitled Rosalie B. Alfonso v. Continental Insurance Company (the Niagara Fire Insurance Company was later substituted as the defendant), 207 So.2d 854, in which two companion decisions have been rendered this day by this court.
In the Tessitore case we briefly discussed the evidence (which applies here as well and to which we now refer) and held that the accident and the resultant damages were caused by the sole negligence of Mrs. McCarthy. We further held that there was no negligence on the part of the driver of the taxicab in which this *856 plaintiff was a passenger. Therefore, the only question before us in this case is the quantum awarded to this plaintiff. Counsel for appellant makes serious protestation and complaint about the award of $300.00 for loss of earnings and the award of $4,-000.00 for personal injuries.
The only medical testimony about this plaintiff was given by Dr. Lindner, who examined this plaintiff after the accident on the same day. In his testimony he said that the plaintiff suffered an acute cervical sprain, multiple contusions of her body, contusions and abrasions of both knees, contusions of the abdomen and aggravated traumatic arthritis. The doctor treated her from October 22, 1964, to August, 1965. He said he prescribed a surgical collar and to his knowledge she wore it four or five months, though his testimony on that point is not very convincing.
This plaintiff had been this doctor’s patient for quite a number of years. He treated her for injuries received in a taxicab accident in July, 1964. He said that it was his opinion that she had fully recovered from the neck injury received in July, 1964, when this accident occurred on October 22, 1964. His treatment for the injuries received by plaintiff in the accident on October 22 was diathermy, muscle relaxants, analgesics and injections in the neck many times each month through July, 1965, and one time in August, after which he discharged her as able to resume her work in the usual manner. For these visits and treatments the doctor charged various amounts from $6.00 to $30.00 per visit amounting to a total of $660.00.
Counsel makes the argument that it would appear that plaintiff’s condition after this accident was due in some part, at least, to the injuries suffered in the prior accident in July, 1964. As stated above, Dr. Lindner said she had completely recovered, though she might have had flareups from time to time, from the effects of the earlier accident. Be that as it may, it is well settled that a responsible party must take a victim as he finds the victim and if the victim’s physical condition resulting from a previous occurrence renders the victim more easily susceptible to injury in a subsequent accident the results must be considered in connection with the latter accident.
Whether the many visits and treatments described by the doctor were necessary or were made to support in part an exaggerated claim there is no way for the court to make that determination. The testimony of Dr. Lindner indicates that the plaintiff suffered serious personal injuries and extended disability from this accident. The trial court saw and heard the witnesses and this plaintiff. From this record, as to the incidental and personal injury awards, we cannot say that the court abused the great discretion with which the judge is clothed.
Therefore, the judgment appealed from is affirmed. The costs are to be paid by appellant.
Affirmed.