JAMES RAY CROTWELL AND RUTH MARIE CROTWELL, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, MARLEE, RILEY, AND KYLEY CROTWELL,
v.
JERMAINE F. COBBINS, LARD OIL COMPANY, AND FEDERATED INSURANCE COMPANY.
No. 2009 CA 0971.
Court of Appeals of Louisiana, First Circuit.
February 10, 2010.
Not Designated for Publication
BERNARD HAMPTON, Attorney for Plaintiffs-Appellants. James Ray Crotwell and Ruth Marie Crotwell, Individually and on behalf of their minor children, Marlee, Riley, and Kyley Crotwell.
STEVEN C. JUDICE, Keogh, Cox & Wilson, Ltd., Attorney for Defendants-Appellees, Jermaine F. Cobbins, Lard Oil Co., and Federated Mutual Ins. Co.
Before: PARRO, KUHN, and McDONALD, 33.
PARRO, J.
In this personal injury case arising out of an automobile accident, the plaintiffs (the Crotwells) appeal a judgment granting a motion for summary judgment in favor of Jermaine Cobbins, his employer, Lard Oil Company, and its insurer, Federated Mutual Insurance Company. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
The accident in this case occurred as Cobbins was southbound on Louisiana Highway 16, driving a 2007 Kenworth 18-wheeler tanker-trailer rig owned by his employer and used to transport gasoline. Mr. Crotwell was westbound in his 1999 Dodge Durango on Sims Road approaching a T-intersection with Highway 16; his wife was riding in the front passenger seat. Highway 16 was the favored road, and there was a stop sign on Sims Road at the intersection. For some reason, Mr. Crotwell did not see Cobbins coming from his right and entered the intersection to make a left turn onto Highway 16. The front passenger side of the Crotwell vehicle struck Cobbins' tanker-trailer rig, damaging the left rear axle and causing the two left-side rear wheels to lock up. The Crotwell vehicle flipped over, and Mrs. Crotwell was severely injured when she was thrown from the vehicle. Her leg had to be amputated, she had other surgeries for internal injuries, and she had numerous skin grafts for severe burns from lying on the hot asphalt of the highway after the collision.
The Crotwells sued Cobbins, Lard Oil Company, and its insurer, Federated Mutual Insurance Company. The defendants filed a motion for summary judgment on the basis that the Crotwells could not provide evidence that Cobbins was negligent in any way. They supported the motion with a copy of the petition, excerpts from the depositions of Cobbins and Mr. and Mrs. Crotwell, and the accident report of the investigating officer (admitted only for the admission against interest of Mr. Crotwell to the officer). The Crotwells opposed the motion, supporting their opposition with an affidavit from an expert in accident reconstruction, Michael S. Gillen; excerpts from Cobbins' deposition; and excerpts from the Louisiana Commercial Driver's License Manual.
After considering the evidence and arguments, the court found that the Crotwells' evidence had not presented any genuine issues of material fact and granted the motion. A judgment dismissing the Crotwells' claims against the defendants was signed November 25, 2008. This appeal followed.

APPLICABLE LAW
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-0363 (La. 11/29/06), 950 So.2d 544, 546-47. Appellate courts review summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See LSA-C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana. Inc., 00-0078 (La. 6/30/00), 764 So.2d 37, 40; Puah v. St. Tammany Parish School Bd., 07-1856 (La. App. 1st Cir. 8/21/08), 994 So.2d 95, 97; see also LSA-C.C.P. art. 967(B).
Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which are approaching so closely on said highway as to constitute an immediate hazard. LSA-R.S. 32:123(B). A motorist confronted with a stop sign at an intersection has the duty to come to a complete stop, to appraise traffic, and to make certain that the way is clear before proceeding. To merely stop before entering a right-of-way street is to perform only half of the required duty. Irion v. State ex rel. Dept. of Transp. & Dev., 98-2616 (La. App. 1st Cir. 5/12/00), 760 So.2d 1220, 1231. A motorist on a right-of-way street may assume a driver approaching an intersection from a less favored street, regulated by a yield sign, will obey the law. In the absence of some indication of an imminent breach of duty by the less favored driver, the motorist having the right-of-way is not negligent for making this assumption. McCrossen v. Bieszczard, 234 So.2d 763, 767 (La. App. 4th Cir. 1970)(on rehearing); Henderson v. Central Mut. Ins. Co., 238 La. 250, 256, 115 So.2d 339, 341 (1959).

ANALYSIS
In their assignment of error, the Crotwells contend the trial court failed to give credence to a number of material facts in dispute and made an impermissible factual determination on a motion for summary judgment, discounting facts alleged by the Crotwells that were supported by Cobbins' sworn testimony and by expert Gillen's affidavit. We will examine the evidence submitted by both sides to determine whether summary judgment was appropriate.
Cobbins testified in his deposition that he was going 46-47 miles per hour in a 45-mile-per-hour zone. The Crotwells said they had no reason to believe Cobbins was speeding or had crossed the center line. In the accident report, Mr. Crotwell told the officer that he was on Sims Road attempting to make a left turn onto Highway 16. He had stopped at the stop sign and looked both ways, and proceeded with making his left turn when it was clear. He said he was not sure where Cobbins' vehicle came from. The front and right side of his vehicle struck the left rear side of Cobbins' truck.
In his deposition, Cobbins stated there was a curve to the left approaching Sims Road, but he could see the road as he approached it. He was familiar with the road and the intersection. Several vehicles passed the intersection going the opposite waytoward himas he approached the Sims Road intersection. Just as Cobbins got to the intersection and was passing it, he caught a glimpse of the Crotwell vehicle pulling out toward the back of his truck. When he looked in the rearview mirror, he saw the vehicle flipping over. Cobbins said he could not slow down or do anything when he saw the other car pulling out, because it happened too fast. He denied crossing the center line to his left, and stated that after the accident, he saw the marks on the pavement where his wheels had locked up, and the marks were not on the yellow line. He did not move toward the right shoulder of the road, but just tried to keep his rig straight and bring it to a stop after the other car hit it.
Gillen's affidavit stated Cobbins had a clear sight line to the intersection from 750 feet away, and that there was a 10-foot paved shoulder on his right. Gillen said the damage to the vehicles showed the rear left-side wheels of Cobbins' trailer locked up at the point of impact, after which he traveled an unusually long distance, stopping about 1000 feet from the point of impact. Gillen said that at Cobbins' stated speed of 46 miles per hour, he should have been able to stop his vehicle within 500 feet from the point of impact. He also estimated that if the Crotwell vehicle had proceeded from a dead stop to the point of impact, it would have taken 5.5 seconds to travel that distance, which would have given Cobbins adequate time and distance to sound his horn, move to the shoulder, apply the brakes, or take other action to avoid the collision.
The defendants argue that the long stopping distance did not show Cobbins had been speeding before the accident, but merely that he was careful in slowing and stopping his disabled vehicle after the accident. They also contend that none of Gillen's observations established negligence on the part of Cobbins, because there was no way for Cobbins to anticipate that a car approaching the favored highway would either fail to stop at the intersection or, having stopped, would pull forward and proceed with a left turn so close to him that it broadsided the rear of his trailer. They further note that in his affidavit, Gillen did not say that any of his suggested evasive maneuvers would have prevented the accident under these circumstances. In fact, if Cobbins had slowed, his truck might have broadsided the Crotwell vehicle, causing even more damage. Moreover, any sudden movement toward the shoulder could have resulted in Cobbins' losing control of the tanker-trailer rig, while not necessarily avoiding being hit by the Crotwell vehicle.
Having reviewed all the evidence provided in connection with the motion, we agree that the defendants pointed out an absence of factual support that Cobbins was negligent, which is an essential element of the Crotwells' case on which they would bear the burden of proof at trial. The evidence submitted by the Crotwells did not create a genuine issue of material fact. Therefore, summary judgment in favor of the defendants was appropriate.

CONCLUSION
Based on the foregoing, the judgment is affirmed. All costs of this appeal are assessed to the Crotwells.
AFFIRMED.